UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CAJUN CONTI, LLC**                                                                             **CIVIL ACTION**

**VERSUS**                                                                                           **No. 23-551**

**GODFREY PARKERSON, ET AL.**                                                          **SECTION I**

## ORDER & REASONS

Before the Court are plaintiff Cajun Conti, LLC's ("Cajun Conti") motions to remand[1] the above-captioned action to the Civil District Court for the Parish of Orleans for want of diversity jurisdiction, to strike[2] the declaration of James Ordeneaux, and for summary judgment[3] as to Cajun Conti's claim against defendant Godfrey Bruce Parkerson ("Parkerson"). Defendant Skyward Specialty Insurance Group ("Skyward") opposes[4] the motions to remand and to strike, and it alternatively requests that should the Court find remand to be appropriate, the Court should only sever and remand the injunctive relief claim filed against Parkerson. Parkerson opposes Cajun Conti's motion for summary judgment.[5] For the following reasons, the Court will grant Cajun Conti's motion to remand, and it will dismiss Cajun Conti's motions to strike and for summary judgment as moot.

---

[1] R. Doc. Nos. 4 (motion to remand) and 28 (reply memorandum in support of motion to remand).
[2] R. Doc. Nos. 6 (motion to strike) and 26 (reply memorandum in support of motion to strike).
[3] R. Doc. Nos. 7 (motion for summary judgment) and 27 (reply memorandum in support of motion for summary judgment).
[4] R. Doc. Nos. 18 (opposition to Cajun Conti's motion to remand) and 19 (opposition to Cajun Conti's motion to strike).
[5] R. Doc. No. 17. As of the date of the issuance of this Order & Reasons, Parkerson has filed no opposition to Cajun Conti's motions to remand and to strike.

...

## I. BACKGROUND

This action arises out of a fire that occurred at Cajun Conti's restaurant, Oceana Grill, on May 11, 2019.[6] Cajun Conti's neighbors asserted claims against Cajun Conti for damages they alleged they suffered as a result of the fire.[7] Cajun Conti's insurer, Skyward (formerly known as Houston International Insurance Group ("HIIG")), retained Parkerson to assist in the investigation and resolution of the claims against Cajun Conti.[8] Cajun Conti alleges that, without its "prior knowledge or consent,"[9] Parkerson and Skyward settled claims asserted by the neighbors against Cajun Conti. Cajun Conti further alleges that "Skyward agreed in writing to not make any further settlement offers without first consulting Cajun Conti[,]" but, "[i]n breach of this agreement, Skyward through Parkerson made another settlement offer without first consulting Cajun Conti."[10] Parkerson withdrew as counsel on September 23, 2022.[11]

Cajun Conti filed a "Verified Petition for Mandatory Injunction" against Parkerson in the Civil District Court for the Parish of Orleans on October 18, 2022,

---

[6] R. Doc. No. 7-31, ¶ 1; R. Doc. No. 17-1, at 1.
[7] R. Doc. No. 7-31, ¶ 2; R. Doc. No. 17-1, at 1.
[8] The parties disagree about the nature of Parkerson's relationship with Cajun Conti. Cajun Conti asserts that "Cajun Conti's insurance company, [Skyward], appointed Parkerson to represent Cajun Conti" regarding the claims against it. R. Doc. No. 7-31, ¶ 3. Skyward, however, asserts that "Parkerson was retained, among other things, to aid the insurer in its investigation and protect the interests of the insured in anticipation of claims and litigation" and that "Cajun Conti was represented by independent counsel at that time and at all material times herein." R. Doc. No. 17-1, at 1.
[9] R. Doc. No. 1-1, ¶ 12; see also R. Doc. No. 7-31, ¶ 14.
[10] R. Doc. No. 7-31, ¶¶ 17–18; see also R. Doc. No. 1-1, at 50.
[11] R. Doc. No. 1-1, at 5.

seeking an order directing Parkerson to "return a complete copy of the file regarding Parkerson's representation of Cajun Conti."[12] Cajun Conti subsequently filed a first supplemental and amended petition on November 4, 2022, adding Skyward as a defendant and asserting claims against Skyward for breach of contract, breach of the duty of good faith and fair dealing, and breach of fiduciary duty.[13]

Skyward removed this action to federal court on February 10, 2023, on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Though Skyward acknowledges that both Cajun Conti and Parkerson are citizens of Louisiana for purposes of diversity jurisdiction, Skyward asserts that Cajun Conti's claims against Parkerson and Skyward were improperly joined, "presumably for the purpose of defeating diversity jurisdiction with respect to [Cajun Conti's] claims against Skyward."[14] Alternatively, Skyward alleges that Cajun Conti's claims against Parkerson and Skyward were improperly cumulated under Louisiana law.[15]

## II.   STANDARD OF LAW

District courts "have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000[, exclusive of interest and costs,] and is between citizens of a state and citizens or subjects of a foreign state." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing 28 U.S.C. § 1332(a)(2)).

---

[12] R. Doc. No. 7-31, ¶ 20; *see also* R. Doc. No. 1-1, at 3.
[13] R. Doc. No. 1-1, at 61. Cajun Conti filed before the state court a motion for leave to file a second supplemental and amended petition on December 23, 2022, seeking to add Houston Specialty Insurance Company ("HSIC") as a defendant, which has yet to be adjudicated. *See id.* at 114.
[14] R. Doc. No. 1, ¶¶ 16–19.
[15] *Id.* ¶ 21.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise.

Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). However, "[i]f a [court] lacks subject matter jurisdiction, remand is permitted at any time before final judgment." *Falgout v. Mid State Land & Timber Co.*, No. 08-5088, 2009 WL 2163162, at *2 (E.D. La. July 16, 2009) (Lemelle, J.) (citing 28 U.S.C. § 1447(c) and *Doddy v. Oxy USA*, 101 F.3d 448, 456 (5th Cir. 1996)).

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). "[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

### III.   ANALYSIS

In its motion to remand, Cajun Conti first asserts that removal was improper because the parties are not completely diverse, and the citizenship of non-diverse defendant Parkerson cannot be disregarded for diversity jurisdiction purposes on the

basis of improper joinder because Cajun Conti's claim against Parkerson is not moot.[16] Second, Cajun Conti asserts that improper cumulation under Louisiana law is not a valid basis for removal.[17] Finally, Cajun Conti alleges that Skyward's removal was procedurally defective because it failed to file "a copy of all process, pleadings, and orders served upon defendant or defendants in such action" in accordance with 28 U.S.C. 1446(a).[18]

Skyward argues that remand is inappropriate because: 1) Cajun Conti's claim against Parkerson was improperly joined with Cajun Conti's claims against Skyward and therefore his citizenship may be properly disregarded for diversity jurisdiction purposes; 2) even if the Court finds joinder was not improper, it should sever and remand only the claim against Parkerson instead of remanding the entire action; and 3) its notice of removal was not procedurally defective for failing to attach one document from the state court record.[19] The Court addresses each of Skyward's arguments in turn.

### a.  Improper Joinder

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). As established by the Fifth Circuit in

---

[16] R. Doc. No. 4-27, at 1.
[17] *Id.*
[18] *Id.* at 2.
[19] R. Doc. No. 18, at 14.

*Smallwood v. Illinois Central Railroad Co.*,[20] "the test for fraudulent joinder is whether the defendant has demonstrated that there is *no possibility of recovery* by the plaintiff against an in-state[, non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state[, non-diverse] defendant." 385 F.3d 568, 573 (5th Cir. 2004) (emphasis added);[21] *see also Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

Pursuant to the Fifth Circuit's holding in *Smallwood*, to resolve this inquiry, a court may conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, considering "the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant[.]" *Bayou Acquisitions,*

---

[20] Though Cajun Conti's motion to remand asserts that the standard for whether joinder was proper is the "egregious misjoinder" analysis articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), the Fifth Circuit has stated that "[t]his circuit has recently declined to adopt procedural misjoinder (also called fraudulent misjoinder) as adopted by the Eleventh Circuit in *Tapscott*." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (citing *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 814–15, (5th Cir. 2021)). Accordingly, the Court will not apply the *Tapscott* "egregious misjoinder" analysis and will instead apply *Smallwood*'s "improper joinder" analysis.

[21] "While the Fifth Circuit uses the term 'fraudulent joinder' and 'improper joinder' interchangeably, the preferred term is 'improper joinder.'" *Ayres v. Sears*, 571 F. Supp. 2d 768, 772 (W.D. Tex. 2008) (citing *Smallwood*, 385 F.3d at 571 n.1 ("We adopt the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred.")).

*LLC v. Badger Daylighting Corp.*, No. 22-4541, 2023 WL 2367440, at *3 (E.D. La. Mar. 6, 2023) (Ashe, J.) (quoting *Smallwood*, 385 F.3d at 573). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* However, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

When determining the validity of an improper joinder claim, the Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). "'[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.'" *Bayou*, 2023 WL 2367440, at *3 (quoting *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)).

"The burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). When determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Richmond v. Chubb Grp. of Ins. Companies*, No. 06-3973, 2006 WL 2710566, at *2 (E.D. La. Sept. 20, 2006) (Africk, J.) (quoting *Burden v. Gen. Dynamics Corp.*, 60 F.3d

7

213, 216 (5th Cir. 1995)). "The court must also resolve all ambiguities in the controlling state law in plaintiff's favor." *Id.*

As articulated in *Smallwood*, the test is whether "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state[, non-diverse] defendant[.]"[22] *Smallwood*, 385 F.3d at 573. Skyward asserts that Cajun Conti's claims against Parkerson are "moot" because, it alleges, Parkerson has provided Cajun Conti with "the entire file maintained by Mr. Parkerson relative to the fire claims . . . ." Because Cajun Conti's claim against Parkerson is moot, Skyward further argues that Cajun Conti cannot recover against Parkerson and he is therefore improperly joined in the action against Skyward.[23]

Skyward's assertion that Cajun Conti's action for a mandatory injunction directing Parkerson to provide Cajun Conti with his entire file is moot is belied by the fact that Cajun Conti still seeks production of additional materials from Parkerson. Cajun Conti notes, in its motion for remand, that the parties were discussing the documents Cajun Conti still seeks production of on the day that Skyward filed its notice of removal,[24] and it further alleges that disputes remain to

---

[22] Skyward does not argue actual fraud in the pleadings, so the Court will not address the first method to establish improper joinder.
[23] R. Doc. No. 1, ¶¶ 6–7.
[24] R. Doc. No. 4-16 (February 10, 2023 email from counsel for Cajun Conti to counsel for Parkerson, stating that "if we don't have what we believe that [we] need to address jumbo PDFs of emails, the missing internal emails, .pst, and ESI protocol, then we are free to file a motion . . . ."); *see also* R. Doc. No. 28, at 12 ("It is undisputed that Parkerson has not produced . . . any internal emails, any native emails with metadata as kept in the ordinary course, any legal analysis or research, and/or any other work product."); R. Doc. No. 4-27, at 6 ("Parkerson's production was not the best practice in electronic discovery, and Parkerson's production caused and continues to cause

be resolved as to the format the documents have been produced in and the lack of associated metadata.[25]

The parties likewise disagree with respect to Parkerson's obligations under La. Civ. Code Ann. art. 3496,[26] and the "scope of a lawyer's obligation" under American Bar Association ("ABA") Model Rule 1.16(d) as clarified by ABA Formal Opinion 471.[27] As stated, when evaluating an improper joinder claim, the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Richmond*, 2006 WL 2710566, at *2 (internal citation omitted). The Court consequently finds that Cajun Conti's claim against Parkerson is not moot, and open questions remain as to Parkerson's obligation to provide Cajun Conti with requested materials.[28]

Ultimately, while Skyward may believe that Parkerson has produced all the materials required of him[29] and therefore Cajun Conti is unlikely to prevail on its

---

unreasonable expenses and delay. Accordingly, a production of the documents in their native format is necessary.").
[25] R. Doc. No. 4-27, at 9.
[26] R. Doc. No. 28, at 4 ("Cajun Conti has a substantive claim against under Louisiana Civil Code article 3496 for the return of the entire file and a right to the release of its entire file under [ABA Model] Rule 1.16(d), and Cajun Conti has a pending Motion for Summary Judgment . . . on those claims.")
[27] *See* R. Doc. Nos. 18, at 11, and 28, at 6 ("Opinion 471 also expressly disclaims any discussion of property rights: 'The opinion does not address a client's property rights or other legal rights to these materials.'")
[28] Further, "[a] case should not be declared moot [as] long as the parties maintain a concrete interest in the outcome and effective relief is available to remedy the effect of the violation." *Morehouse v. Jackson*, 614 F. App'x 159, 162–63 (5th Cir. 2015) (internal citation and quotations omitted).
[29] "Parkerson has taken all steps reasonably practicable to satisfy his obligations

action against Parkerson, the question before the Court is not "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only whether there is "a possibility that the plaintiff might do so." *Guillory,* 434 F.3d at 309. The Court does not find that "the defendant has demonstrated that there is *no possibility of recovery* by the plaintiff against" Parkerson. *Smallwood*, 385 F.3d at 573 (emphasis added). As the party "cry[ing] 'fraudulent [or improper] joinder[,]'" Skyward bears the "burden of persuasion[.]" *B., Inc.*, 663 F.2d at 549. It has not met this burden.[30]

### b.     Sever and Remand Cajun Conti's Claim Against Parkerson

Skyward alternatively urges this Court to sever and remand only Cajun Conti's claim against Parkerson. Besides a few passing references to this request, Skyward provides no case law or corresponding argument supporting why severance would be appropriate in this case, where it would effectively sever an entire defendant from the action. Notwithstanding the lack of briefing, considering the merits of Skyward's

---

under Rule 1.16(d) and has produced Cajun Conti's entire file in the manner in which it was kept in the ordinary course of business at Parkerson's firm." R. Doc. No. 18, at 12.

[30] Skyward alternatively asserts that Cajun Conti's claims were improperly cumulated under Louisiana state law. However, as this Court and others have noted, the question of cumulation is more properly addressed by the state court. *See Bright v. No Cuts, Inc.*, No. 03-640, 2003 WL 22434232, at *9 (E.D. La. Oct. 27, 2003) (Africk, J.) ("Even if Purdue is correct that plaintiff's claims are improperly cumulated under Louisiana procedure, such 'mere misjoinder' is more properly addressed to the state district court."); *Bienemy v. Cont'l Cas. Co.*, No. 09-6647, 2010 WL 375213, at *6 (E.D. La. Jan. 26, 2010) (Lemelle, J.) ("Indeed, remand to state court for determination of misjoinder issues comports with the recommendation of professors Wright and Miller who opine that the removing party challenge the misjoinder in state court before seeking removal." (citing 14B WRIGHT & MILLER, FED. PRAC. & PROC. § 3723 (3d. ed. 1998))).

request, the Court finds that severing and remanding only the claim against Parkerson would not be appropriate.

The determination of a motion to sever lies within the discretion of the Court: "[t]he court may [] sever any claim against a party." Fed. R. Civ. P. 21. "To determine whether claims should be severed, a district court may consider the following factors: (1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and (5) whether different witnesses and documentary proof are required for separate claims." *White v. New Orleans & Gulf Coast Ry. Co.*, No. 19-10389, 2021 WL 5387665, at *1 (E.D. La. Nov. 18, 2021) (Barbier, J.) (quoting *Pizani v. St. Bernard Par.*, No. 12-2541, 2013 WL 1403317, at *4 (E.D. La. Apr. 5, 2013) (Berrigan, J.)). "Courts have recognized a presumption in favor of the nonmoving party that all claims in a case will be resolved in a single trial and not be severed, placing the burden on the party moving for severance . . . ." *Equal Rts. Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (collecting cases and citing *Swofford v. B & W Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)).

The Court first notes that Parkerson, in his opposition to Cajun Conti's motion for mandatory injunction in the Civil District Court for the Parish of Orleans, raised issue with the fact that "HIIG [now known as Skyward] has not been made a party to the injunction sought by plaintiff in these proceedings and this Court currently lacks jurisdiction over HIIG and is thus unable to provide the relief now being sought

11

by plaintiff."[31] Cajun Conti states that it responded to this argument "by adding Skyward as a defendant in the case . . . . to get all the proper parties in the case and to address the contentions and objections raised by Parkerson."[32] Therefore, it appears that Parkerson as well as Cajun Conti believed it was not only appropriate, but necessary, for Skyward to be added as a party to Cajun Conti's action against Parkerson.

Applying the factors discussed above, the Court finds that severing Cajun Conti's claim against Parkerson from its claims against Skyward and remanding only the former would not be appropriate. Both claims are based upon the same precipitating event and involve common questions of fact, likely requiring many of the same witnesses and evidence. *See Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating & Air Conditioning, Inc.*, No. 07-8446, 2009 WL 382713, at *7 (E.D. La. Feb. 11, 2009) (Barbier, J.) (denying severance in case involving bankruptcy and insurance claims arising from a fire). Parkerson was allegedly retained by Skyward to help resolve the claims against Cajun Conti arising out of the fire at the Oceana Grill. The materials Cajun Conti still seeks related to these claims therefore implicate the relationship between Parkerson and Skyward, and Skyward's interest in potentially asserting an attorney-client privilege or work product privilege

---

[31] R. Doc. No. 1-1, at 79 (Parkerson's "Pre-Hearing Memorandum of Law and In Support of Exceptions of No Right of Action and No Cause of Action").
[32] R. Doc. No. 28, at 9.

12

over certain materials.[33] It follows that many of the witnesses and documentary proof necessary in both actions will be the same, as the materials Cajun Conti seeks in the mandatory injunction action against Parkerson[34] are directly related to its claims against Skyward based on Cajun Conti's allegations that "Parkerson and HSIC/Skyward made settlement offers without consulting Cajun Conti."[35]

Skyward has offered no arguments as to how judicial economy or settlement would be promoted by creating two parallel but interrelated actions, nor has it articulated how prejudice would be averted by severance. The Court finds that the interests of justice and judicial economy would be best served by allowing the action to proceed in its present form, and the Court therefore declines to exercise its discretion to sever and remand only Cajun Conti's claim against Parkerson.[36]

### c. Attorney's Fees and Costs

In addition to remand, Cajun Conti seeks an award of attorney's fees and costs.[37] "Absent unusual circumstances, courts may award attorney's fees pursuant to 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

---

[33] For example, internal communications between Parkerson and his colleagues regarding work performed on behalf of Skyward in connection with the fire-related claims.

[34] Neither Cajun Conti's initial petition nor its first supplemental and amended petition makes a breach of contract claim against Parkerson. *See* R. Doc. No. 1-1, at 3–7 (Cajun Conti's initial petition) and 61–66 (Cajun Conti's first supplemental and amended petition).

[35] R. Doc. No. 28, at 11.

[36] As the Court finds remand to be appropriate, it need not address Cajun Conti's argument that Skyward's notice of removal was procedurally defective.

[37] *Id.* at 14–15.

However, "[t]he statute does not contain a presumption either in favor of or against awarding fees, and whether to award fees under the statute is committed to the Court's discretion." *Citi Prop. Holdings, Inc. v. Labranche*, No. 11-617, 2011 WL 1980016, at *2 (E.D. La. May 20, 2011) (Lemmon, J.) (*quoting Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009)). Having reviewed all the parties' arguments and the applicable law, the Court exercises its discretion to decline to award attorney's fees and costs.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Cajun Conti's motion to remand[38] is **GRANTED IN PART** and **DENIED IN PART**. To the extent Cajun Conti seeks remand of the above-captioned action, Cajun Conti's motion is **GRANTED** and the above-captioned case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana for further proceedings.

**IT IS FURTHER ORDERED** that, to the extent Cajun Conti seeks attorney's fees and costs, Cajun Conti's motion[39] is **DENIED**.

**IT IS FURTHER ORDERED** that Cajun Conti's motion[40] to strike the declaration of James Ordeneaux is **DISMISSED AS MOOT**.

---

[38] R. Doc. No. 4.
[39] *Id.*
[40] R. Doc. No. 6.

15

**IT IS FURTHER ORDERED** that Cajun Conti's motion[41] for summary judgment is **DISMISSED AS MOOT**.

New Orleans, Louisiana, May 23, 2023.

                     **LANCE M. AFRICK**
                **UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. No. 7.